# EXHIBIT 1

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Oct 13, 2026
**Server Name:** Jimmy Lizama

| | |
|---|---|
| Entity Served | CENTENE MANAGEMENT COMPANY LLC |
| Case Number | 26-CIV-07350 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 204514
NAME: Shaun Setareh; Thomas Segal (SBN: 222791); Farrah Grant (SBN: 293898)
FIRM NAME: SETAREH LAW GROUP
STREET ADDRESS: 420 N Camden Dr Suite 100
CITY: Beverly Hills STATE: CA ZIP CODE: 90210
TELEPHONE NO.: (310) 888-7771 FAX NO.: (310) 888-0109
EMAIL ADDRESS: calendar@setarehlaw.com
ATTORNEY FOR (*name*): Plaintiff, Victoria Clark

*FOR COURT USE ONLY*

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 9/21/2026
By /s/ Owen Tapang
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 800 North Humboldt Street
MAILING ADDRESS: 800 North Humboldt Street
CITY AND ZIP CODE: Mateo, CA 94401
BRANCH NAME: Central Branch

CASE NAME:
Victoria Clark v. Centene Corporation, et al.

**CIVIL CASE COVER SHEET**
[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26-CIV-07350
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Song-Beverly Act: Motor Vehicle Lemon Law (49)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☒ Yes ☐ No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

   a. ☒ monetary
   b. ☒ nonmonetary; declaratory or injunctive relief
   c. ☒ punitive

4. Number of causes of action *(specify):* Two (2)

5. Is this case a class action suit? ☒ Yes ☐ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 18, 2026

Thomas Segal, Esq.
Type or print name

*Thomas Segal*
Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition



**For your protection and privacy, please press the Clear button after you have printed the form.**

Print Save Clear

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 9/21/2026
By /s/ Owen Tapang
Deputy Clerk

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
Farrah Grant (SBN 293898)
farrah@setarehlaw.com
SETAREH LAW GROUP
420 N. Camden Drive, Suite 100
Beverly Hills, California 90210
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff VICTORIA CLARK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN MATEO

UNLIMITED JURISDICTION

VICTORIA CLARK, on behalf of herself and all others similarly situated,

*Plaintiff,*

v.

CENTENE CORPORATION, a Delaware corporation; CENTENE MANAGEMENT COMPANY, LLC, a Wisconsin Company; and DOES 1 through 50, inclusive,

*Defendants.*

Case No. 26-CIV-07350

**CLASS ACTION**

**COMPLAINT**

1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act)
2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);

**JURY TRIAL DEMANDED**

Plaintiff VICTORIA CLARK (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against defendant CENTENE CORPORATION, a Delaware corporation; CENTENE MANAGEMENT COMPANY, LLC, a Wisconsin limited liability company; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants"), for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et sequitur*.

2. Plaintiff alleges that Defendants routinely acquire credit and background reports to conduct background checks on Plaintiff and other prospective, current, and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and without obtaining proper authorization in compliance with the law.

3. Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes, and thereupon alleges that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

5. Venue is proper in County of SAN MATEO pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose in the county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

## PARTIES

6. Plaintiff is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

7. Plaintiff is informed and believes, and thereupon alleges, that Defendant CENTENE CORPORATION is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

8. Plaintiff is informed and believes, and thereupon alleges, that Defendant CENTENE MANAGEMENT COMPANY, LLC is, and at all relevant times mentioned herein, a Wisconsin limited liability company doing business in the State of California.

9. Plaintiff is ignorant of the true names capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued herein as DOES 1 through 50, inclusive, but is informed and believes and thereupon alleges that the defendants are legally responsible for the wrongful conduct alleged herein and therefore Plaintiffs sue these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

10. Plaintiff is informed and believes and thereupon alleges that, at all relevant times mentioned herein, all defendants were the agents, employees and/or servants, joint employers, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

11. Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by and/or attributable to all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that the alleged acts and failures to act were within the course and scope of the agency, employment and/or direction and control.

## CLASS ALLEGATIONS

12. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382, because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

13. **Class Definitions**: The class is defined as follows:

> **FCRA Class**: All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants for whom a background check was performed at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

14. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to

amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

15. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

16. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These questions include, but are not limited to:

i. Whether Defendants failed to comply with the standalone disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i), including whether their disclosure forms were encumbered by extraneous information not permitted under the FCRA;

ii. Whether Defendants willfully failed to provide the class with clear and conspicuous, stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

iii. Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the consumer reporting agency conducting the investigation;

iv. Whether Defendants willfully failed to identify the source of the credit report to be performed; and

v. Whether Defendants willfully failed to comply with the FCRA.

17. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice, or a lack of a policy which resulted in Defendants failing to comply with the FCRA as alleged herein.

18. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

19. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they

have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class-action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

21. Plaintiff was employed by Defendants from approximately February 1, 2022, through February 9, 2024.

22. As a condition of employment, Plaintiff was required to complete numerous onboarding documents within a limited period of time and was rushed through the process.

23. Plaintiff was unaware that the onboarding documents included a consumer report disclosure and authorization form.

24. Due to the volume of documents presented to Plaintiff, the rushed nature of the onboarding process, and Defendants' failure to adequately identify or explain the nature and significance of the consumer report disclosure and authorization form, Plaintiff did not know or understand that Defendants had obtained, or intended to obtain, a consumer report concerning her for employment purposes.

25. Plaintiff did not discover the consumer report disclosure and authorization form, or Defendants' alleged FCRA violations, until Plaintiff's employee file was obtained on April 11, 2025, and the disclosure and authorization form was subsequently reviewed.

26. Based upon information and belief, Defendants did not provide legally compliant disclosure

and authorization forms to Plaintiff and the putative class.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## (15 U.S.C. §§ 1681b(b)(2)(A))

## (Plaintiff and the FCRA Class Against All Defendants)

27. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

28. Defendants are "persons" as defined by § 1681a(b) of the FCRA.

29. Plaintiff and **FCRA Class** members are "consumers" within the meaning of § 1681a(c) of the FCRA, because they are individuals.

30. Section 1681a(d)(1) of the FCRA defines "consumer report" as

"The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

31. Section 1681b(b) of the FCRA provides, in relevant part:

> Conditions for furnishing and using consumer reports for employment purposes except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-
>
> (i) a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person [emphasis added].

32. Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in

writing.

33. As described above, Plaintiff alleges, on information and belief, that in evaluating him and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

34. The purported disclosures do not meet the requirements under the law, because they are embedded with extraneous information and are not clear and conspicuous disclosures in a stand-alone document.

35. Under the FCRA, it is unlawful to procure or caused to be procured a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)–(ii). The inclusion of extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

36. Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information nor be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

37. Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

i. Defendants are large entities with access to legal advice;

ii. Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences

Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

iii. The plain language of the statute unambiguously indicates that inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements;

38. Based upon the facts likely to have evidentiary support after a reasonable opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing them of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

39. Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, § 1681b(b)(2)(A). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

40. Plaintiff, on behalf of herself and all **FCRA Class** members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees, and costs.

## <u>SECOND CAUSE OF ACTION</u>

## FAILURE TO MAKE PROPER DISCLOSURE OF INVESTIGATIVE CONSUMER REPORT IN VIOLATION OF THE FCRA

## (15 U.S.C. §§ 1681d(a)(1) and 1681g(c))

## (Plaintiff and the FCRA Class Against All Defendants)

41. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

42. Section 1681d(a) of the FCRA governs disclosures in connection with investigative consumer reports. An "investigative consumer report" is defined under 15 U.S.C. § 1681a(e) as a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors,

friends, associates, or acquaintances of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

43. Section 1681d(a)(1) of the FCRA provides that no person may procure or cause to be prepared an investigative consumer report on any consumer unless the person clearly and accurately discloses to the consumer that an investigative consumer report including information as to the consumer's character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made. Such disclosure must be made in writing and mailed or otherwise delivered to the consumer not later than three days after the date on which the report was first requested. The disclosure must include a statement informing the consumer of his or her right to request additional disclosures of the nature and scope of the investigation under 15 U.S.C. § 1681d(b), and must include a written summary of the consumer's rights under the FCRA as required by 15 U.S.C. § 1681g(c).

44. Based upon information and belief, Defendants procured or caused to be prepared investigative consumer reports on Plaintiff and the FCRA Class members in connection with the hiring process. The reports constituted investigative consumer reports within the meaning of 15 U.S.C. § 1681a(e).

45. Defendants failed to comply with 15 U.S.C. § 1681d(a)(1) by failing to clearly and accurately disclose to Plaintiff and FCRA Class members, at the time the investigative consumer reports were first requested, that an investigative consumer report may be made. Defendants further failed to comply with the FCRA by failing to inform Plaintiff and class members of their right under 15 U.S.C. § 1681d(b) to request a complete and accurate disclosure of the nature and scope of the investigation requested. Defendants also failed to provide Plaintiff and class members with a written summary of their rights under the FCRA pursuant to 15 U.S.C. § 1681g(c) at the time of or in conjunction with the disclosures required by § 1681d(a)(1).

46. Defendants' conduct in violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) was and is willful. Defendants are large entities with access to legal advice. The requirements of § 1681d(a)(1) and § 1681g(c) are unambiguous. Defendants' willful conduct is reflected by, among other things, their systematic failure to include the required disclosures and summary of rights across all of their employment applications during the relevant class period, notwithstanding their knowledge of and

access to FCRA compliance obligations.

47. Plaintiff, on behalf of herself and all **FCRA Class** members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, and attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

1. An order that the action be certified as a class action;
2. An order that Plaintiff be appointed class representative;
3. An order that counsel for Plaintiff be appointed class counsel;
4. Declaratory relief;
5. Pre-judgment interest;
6. Statutory penalties;
7. Actual damages;
8. Punitive damages;
9. Costs of suit;
10. Reasonable attorneys' fees; and
11. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED: September 17, 2026

SETAREH LAW GROUP

SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiff
VICTORIA CLARK

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 9/22/2026
By /s/ Kenneth Wong
Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CENTENE CORPORATION, a Delaware corporation; CENTENE MANAGEMENT COMPANY, LLC, a Wisconsin Company; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
VICTORIA CLARK, on behalf of herself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central Branch

800 North Humboldt Street Mateo, CA 94401

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., SETAREH LAW GROUP, 420 N. Camden Dr., Suite 100, Beverly Hills, CA 90210, Tel: (310) 888-7771

DATE: *(Fecha)* Clerk, by *(Secretario)* ______________________ , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CENTENE MANAGEMENT COMPANY, LLC, a Wisconsin Company

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☒ other *(specify):* Corp. Code 17701.16, LLC

4. ☐ by personal delivery on *(date)*:





For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form Save this form Clear this form